THE STATE OF OHIO, APPELLANT, *v.* FAYNE ET AL., APPELLEES.

(Nos. 55212 and 55675—Decided October 11, 1988.)

*John T. Corrigan,* prosecuting attorney, and *Andrew Dever,* for appellant.

*Hyman Friedman,* county public defender, for appellee Michael Fayne.

*Michael E. Murman,* for appellee Jack Gales.

*Per Curiam.* On August 18, 1987, defendants-appellees, Jack Gales (App. No. 55675) and Michael Fayne (App. No. 55212), were indicted for a drug law violation, R.C. 2925.03, to wit: possession of cocaine, and possessing criminal tools, R.C. 2923.24. (Both appellate cases have been consolidated on appeal.)

Pursuant to a motion to suppress filed on behalf of defendant Fayne, a hearing was held on January 26, 1988. The following evidence was adduced at that hearing.

Sergeant Lane, a detective in the Cleveland Police Narcotics Unit, testified that on July 19, 1987, information was received from the Los Angeles Police Department that a shipment of cocaine would be coming into Cleveland Hopkins Airport. According to the Los Angeles police, TWA had received a shoe-box-sized package for shipment via air courier to a Michael Fayne in Cleveland. The unknown person mailing the package in Los Angeles wanted to insure its contents for $500 even though the package was only said to contain shoes. TWA officials became suspicious and opened the package, and found a white powder substance concealed inside the shoes. At that time, TWA called the Los Angeles police, who tested the substance and found it to be cocaine.

The Los Angeles police resealed the package and wrapped it in another box, addressing it to Detective Payne (another narcotics detective) of the Cleveland Police Department. The package was sent through the airline on a regularly scheduled flight and arrived in Cleveland on July 21, 1987. On that date, Sergeant Lane and Detective Gray went to the airport, obtained the package and opened the outer wrapping only, revealing the original package addressed to Michael Fayne.

An airline attendant then took the package to the counter where Fayne and Gales were waiting to pick it up. Upon producing his identification, defendant Fayne signed for the package and the two started out of the airport. Once outside, the defendants were apprehended and advised of their rights. Defendant Fayne's car was parked nearby and was towed from the scene. An inventory search of the car conducted at the police impound lot revealed a quantity of marijuana and PCP.

At the police station, defendant Fayne signed a consent form to search the package, which was then found to contain a cheap pair of shoes with a bag of cocaine in each shoe. The total quantity of cocaine was thirty-one and one-half grams. Fayne told the officers that he had just met Gales, and the package had been addressed to him (Fayne) only because Gales did not have a local address. Fayne was allegedly told by Gales that the package contained "personal papers." Gales did not make any statement.

The trial court granted the motion to suppress, finding that:

"* * * in this case the airlines opened the package based upon only the suspicion of the high amount of insurance. It would appear that had they not opened the package that there would have been legitimate reasons to seek a search warrant from the California Court. This was never done.

"The police authorities coming onto the picture in California came upon the package already opened. In fact, what strikes this Court most strongly is that under the circumstances it would not appear that there was valid reason to issue a search warrant in California. There not being a valid reason to issue a search warrant in California, this Court finds that what could not be done in California cannot be done in Ohio."

Pursuant to Crim. R. 12(J), the state appeals assigning one error for review.

### Assignment of Error

"The trial court erred in granting appellees' motion to suppress evidence."

Although the trial court relied upon *Illinois* v. *Andreas* (1983), 463 U.S. 765, our reading of the case reveals that a basic premise propounded by the court indicates that a common carrier has a common-law right to inspect packages it accepts for shipment based on its duty to refrain from carry-

ing contraband. The Fourth Amendment protects against only *governmental conduct* and not against searches by private persons.

Moreover, the warrantless field test of the substance found in the package to determine whether it was cocaine was not a Fourth Amendment "seizure" even though the testing went beyond the scope of the original private search. *United States* v. *Jacobsen* (1984), 466 U.S. 109, 123.

Accordingly, the "controlled delivery" (as discussed in *Andreas*) which occurred at Cleveland Hopkins Airport did "not operate to revive or restore the lawfully invaded privacy rights" of defendant Fayne (*Andreas* at 771). The police could have seized and then searched the package a second time (even without Fayne's consent) for the contraband known to be there. *United States* v. *Bulgier* (C.A.7, 1980), 618 F. 2d 472, 476, certiorari denied (1980), 449 U.S. 843, as cited in *Andreas* at 770.

The assignment of error is sustained.

The judgment is reversed and the cause is remanded for trial.

*Judgment accordingly.*

PRYATEL, P.J., DYKE and MARKUS, JJ., concur.